David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York  11969-0323
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Counsel for Plaintiffs*

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER, ESQ.
885 Park Avenue # 2A
New York, New York  10075
Phone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Counsel for Plaintiffs*

James A. Hunter (JH-1910)
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania  19087
Phone: +1 (484) 275-2162
Fax:    +1 (646) 462-3356
Email: hunter@hunterkmiec.com

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALENTURE, LLC and<br>DENNIS DONOGHUE,<br><br>Plaintiffs,<br><br>– v. –<br><br>JEFF ANDRESON,<br><br>Defendant,<br><br>– and –<br><br>ICHOR HOLDINGS, LTD.,<br><br>Nominal Defendant. | ECF CASE<br><br>No. 25-cv-4993<br><br>COMPLAINT FOR RECOVERY OF "SHORT-SWING" PROFIT UNDER 15 U.S.C. § 78p(b)<br><br>JURY DEMAND |

Plaintiffs Calenture, LLC and Dennis Donoghue (collectively,

"Plaintiffs"), by their undersigned counsel, plead for their Complaint as follows:

**INTRODUCTION**

1.　　This is an action for recovery of "short-swing" profit under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2.　　Section 16(b) was Congress's original response to insider trading and, for many years, the only express regulation of insider trading at the federal level. Congress enacted the statute "[f]or the purpose of preventing the unfair use of information which may have been obtained by [an insider] by reason of his relationship to the issuer." 15 U.S.C. § 78p(b).

3.　　Section 16 applies to every director or officer of an issuer with a class of equity securities registered under Section 12 of the Act. *Id.* § 78p(a). It also applies to every "beneficial owner" of more than 10% of any such class. *Id.*

4.　　Under Section 16(b), each of these so-called "insiders" must turn over to the issuer any profit the insider realizes from any purchase and sale, or sale and purchase, of the issuer's equity securities within any period of less than six months. *Id.* § 78p(b). If the insider fails to return this "short-swing" profit, the statute empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

5.　　Liability under Section 16(b) is strict. The insider must turn over the profit from a short-swing transaction "irrespective of any intention on the part of [the insider] . . . in entering into such transaction." *Id.* Recovery never depends on proof of scienter, a breach of duty, or the actual misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

6.　　Plaintiffs, all stockholders of Nominal Defendant Ichor Holdings, Ltd. ("Ichor"), bring this action under Section 16(b) of the Act against Jeff Andreson

("Andreson"), Ichor's chief executive officer and a member of its board of directors. While subject to Section 16(b), Andreson realized more than $177,000 in profit from his trades in Ichor's equity securities within a period of less than six months.

7.    Under Section 16(b), that profit is now Ichor's lawful property, which Andreson is strictly liable to account for and turn over to Ichor.

## JURISDICTION

8.    The Court has jurisdiction over this action under Section 27 of the Act, 15 U.S.C. § 78aa, and under 28 U.S.C. § 1331.

9.    Venue lies in this District under Section 27 of the Act because the transactions described in paragraphs 14-18 below were executed through the facilities of The Nasdaq Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

10.    Plaintiff Calenture, LLC is a limited liability company formed under the law of the State of New York with a principal place of business located therein.

11.    Plaintiff Dennis Donoghue is a natural person and a resident of the State of New York.

12.    Defendant Jeff Andreson is a natural person and a resident of the State of California.  At all relevant times, Andreson served as Ichor's chief executive officer and as a member of its board of directors.

13.    Nominal Defendant Ichor is a corporate entity formed as an exempt company under the law of the Cayman Islands with a principal place of business located in the State of California.  At all relevant times, Ichor's ordinary shares were registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b), and were listed for trading

on the Nasdaq Global Select Market.  Plaintiffs bring this action in the right and for the benefit of Ichor, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

**SOLE CLAIM FOR RELIEF:**
**RECOVERY OF SHORT-SWING PROFIT UNDER 15 U.S.C. § 78p(b)**
**(AGAINST DEFENDANT ANDRESON)**

14.    On November 25, 2024, Andreson sold 42,800 ordinary shares of Ichor for a price of $34.58 per share.

15.    Andreson reported the sale on a Statement of Changes in Beneficial Ownership on Form 4 filed with the SEC on November 27, 2024, a copy of which is attached as Exhibit A to this complaint.

16.    Less than six months later, on May 8, 2025, Andreson purchased 10,000 ordinary shares of Ichor for a price of $16.86 per share.

17.    Andreson reported the purchase on a Statement of Changes in Beneficial Ownership on Form 4 filed with the SEC on May 8, 2025, a copy of which is attached as Exhibit B to this complaint.

18.    Each of the aforementioned transactions was an ordinary cash-for-stock sale or purchase brokered over the open market.

19.    As a result of the aforementioned sale and purchase within a period of less than six months, Andreson realized a recoverable profit of about $177,200.00 according to the "lowest in, highest out" method of profit calculation.

20.    Plaintiffs made demands on Ichor for recovery of Andreson's short-swing profit by letters submitted on or about May 8, 2025.

21.    Immediately after and in response to those letters, Ichor notified Andreson of his liability, and Andreson filed an amendment to his May 8 Form 4 with the

SEC.  A copy of the amendment, filed on May 9, 2025, is attached as Exhibit C to this complaint.

22.     The amended Form 4 disclosed no transactions but included the following footnote:

> A purchase of 10,000 ordinary shares initiated on May 8, 2025 was reported on a Form 4 filed on May 8, 2025 (the "Original Form 4") by the reporting person but such transaction was promptly cancelled before consideration was paid and no ordinary shares changed hands.  As such, no transaction occurred and the Original Form 4 should be deemed withdrawn and disregarded.  This Form 4/A reflects the ordinary shares beneficially owned by the Reporting Person as of May 8, 2025, the date of the Original Form 4.

Ex. C n.1.

23.     This footnote was inaccurate.  Andreson did not "cancel[]" his purchase, and ordinary shares did in fact "change[] hands."  The seller on the other side of Andreson's trade made good on his obligation to deliver the 10,000 shares Andreson purchased, and Andreson's irrevocable obligation to pay $16.86 for each of those shares was also duly performed.

24.     The only difference between the purchase as originally reported and the purchase as reported in the May 9 amendment is that Andreson's agent broker agreed to an assignment of Andreson's irrevocable obligation to take and pay for the shares.

25.     The broker agreed to the assignment only because the market price of the stock had increased after Andreson made his purchase.  The assignment had no effect on Andreson's own personal obligation to take and pay for the stock or the seller's right to receive payment against delivery, and it had no bearing on Andreson's liability under Section 16(b).

26.    Ichor notified Plaintiffs' counsel by separate letters on or about May 22, 2025 that it did not intend to take action to recover the profit realized by Andreson, and further delay in filing this suit would be a futile gesture.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court for judgment:

(a)    Requiring Andreson to account for and pay over to Ichor the short-swing profit realized by him in violation of Section 16(b) of the Act in an amount not less than $177,200.00, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b)    Awarding Plaintiffs their costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c)    Granting Plaintiffs such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on every question so triable.

Dated: June 13, 2025

Respectfully submitted,

/s/ David Lopez
David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York  11969-0323
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Counsel for Plaintiffs*

/s/ Miriam Tauber
Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER, ESQ.
885 Park Avenue # 2A
New York, New York  10075
Phone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Counsel for Plaintiffs*

/s/ James A. Hunter
James A. Hunter (JH-1910)
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania  19087
Phone: +1 (484) 275-2162
Fax:    +1 (646) 462-3356
Email: hunter@hunterkmiec.com

*Counsel for Plaintiffs*